IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2892

SCHOTT Solar CSP GmbH,

        Plaintiff,

  v.

SKYFUEL, INC.; WEIHAI
GOLDEN SUN CO., LTD. A/K/A
WEIHAI GOLDEN SOLAR
THERMAL INDUSTRIALS CO.,
LTD. AND D/B/A HUIYIN
GROUP.

        Defendants.

## COMPLAINT

Now comes Plaintiff, SCHOTT Solar CSP GmbH ("SCHOTT"), and for its Complaint against Defendants SkyFuel, Inc. ("SkyFuel"), and Weihai Golden Sun Co., Ltd. a/k/a Weihai Golden Solar Thermal Industrials Co., Ltd. and d/b/a Huiyin Group (collectively "Huiyin") states as follows:

### FACTUAL BACKGROUND

1.    SCHOTT is a corporation organized under the laws of Germany and has its principal place of business at Hattenbergstraße 10, 55122 Mainz, Germany. SCHOTT develops, manufactures, and markets high-performance receivers ("solar absorption receivers" or "receivers"), which comprise the core of all solar power plants using parabolic trough and linear Fresnel technologies. In particular, the receivers are used in Concentrated Solar Power ("CSP")

systems using parabolic trough technologies, which are generally U-shaped (parabolic) reflectors (focusing mirrors) that have oil-filled receivers running along a focal point. In operation, the parabolic troughs focus the sunlight onto the receivers to generate heat, which in turn is used to generate electricity.

2. Upon information and belief, Huiyin is a corporation organized under the laws of the People's Republic of China and has its headquarters at Room 810–811, Block A, Fudun Center, No. 58, East 3rd Ring Road, Chaoyang District, Beijing, China 100022, and a place of business at North of Gaodao Road, West of Longhai Road, Xiaoguan Town, Wendeng City, Shandong Province, China 264402. Huiyin also manufactures and sells solar absorption receivers for CSP systems using parabolic trough technologies and competes directly with SCHOTT.

3. SkyFuel is a corporation organized under the laws of the State of Delaware and has its principal place of business at 18300 West Highway 72, Arvada, Colorado 80007. SkyFuel makes parabolic trough solar concentrators under the trade name SkyTrough® for use in utility grade solar thermal power plants for generating electricity or for industrial process heat applications. SkyFuel buys solar absorption receivers from third-party manufacturers to build CSP systems. SkyFuel installs CSP systems in the United States.

4. U.S. Patent No. 7,013,887 ("the '887 Patent") is entitled Absorber Pipe for Solar Heating Applications and was issued by the United States Patent and Trademark Office on March 21, 2006. A true and correct copy of the '887 Patent is attached as Exhibit A to this Complaint.

5. The '887 Patent is directed to an absorber pipe, that is, a receiver, for a parabolic collector for a solar heat collecting apparatus.

6. SCHOTT is the assignee and rightful owner of the '887 Patent. A copy of the assignment was recorded in the United States Patent and Trademark Office on October 17, 2014, at reel 033972 frame 0994.

7. SkyFuel built and installed a CSP system for Enel Green Power North America, Inc. ("EGP-NA"). Specifically, SkyFuel installed a CSP system at EGP-NA's Stillwater site in Fallon, Nevada.

8. On information and belief, Huiyin sells and offers for sale solar absorption receivers in the United States and in this judicial district. Specifically, Huiyin sold its receivers to SkyFuel, directly or indirectly through one of SkyFuel's affiliated entities, which SkyFuel used to build the CSP system that it installed in EGP-NA's Stillwater solar-geothermal power plant located in Nevada.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, § 1332, and § 1338(a). The amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over SkyFuel because it is a citizen of Colorado for jurisdictional purposes.

11. This Court has personal jurisdiction over Huiyin because Huiyin has purposefully directed its activities to Colorado by selling its solar absorption receivers to SkyFuel, SCHOTT's

3

claim for patent infringement arises out of Huiyin's sale of its receivers to SkyFuel, and it would be reasonable and fair for this Court to exercise jurisdiction over Huiyin.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Huiyin and SkyFuel reside in this district and have committed acts of infringement in this district.

## COUNT 1 — PATENT INFRINGEMENT BY HUIYIN

13. SCHOTT restates and incorporates by reference the allegations in paragraphs 1 to 12 of this Complaint as if fully set forth here.

14. Defendant Huiyin, by itself, and through its subsidiaries, affiliates, and/or agents has infringed and continues to infringe literally or under the doctrine of equivalents at least one claim of the '887 Patent by selling and offering to sell solar absorption receivers in the United States and in this district. Huiyin's infringing products include the receivers it sold to SkyFuel that SkyFuel used to build and install the CSP system for EGP-NA's Stillwater solar-geothermal power plant located in Nevada. These products infringe at least claims 1 and 14 of the '887 Patent. Unless enjoined by the Court, Huiyin will continue to infringe the '887 Patent.

15. On information and belief, Huiyin sold and offered to sell its solar absorption receivers to SkyFuel.

16. Huiyin's solar absorption receivers are especially made or especially adapted for CSP systems, in particular, systems that use parabolic trough technologies.

17. Huiyin's solar absorption receivers are not a staple article or commodity of commerce suitable for substantial non-infringing use.

18. On information and belief, Huiyin encouraged SkyFuel to use Huiyin's solar absorption receivers in combination with SkyFuel's parabolic trough technology.

19. Huiyin's infringement of at least one claim of the '887 Patent has injured SCHOTT, and SCHOTT is entitled to recover damages adequate to compensate for such infringement under 35 U.S.C. § 284.

20. The continued infringement by Huiyin will irreparably harm SCHOTT unless the Court enters an injunction prohibiting further infringement of the '887 Patent.

### COUNT 2 — PATENT INFRINGEMENT BY SKYFUEL

21. SCHOTT restates and incorporates by reference the allegations in paragraphs 1 to 20 of this Complaint as if fully set forth here.

22. Defendant SkyFuel, by itself, and through its subsidiaries, affiliates, and/or agents has infringed and continues to infringe literally or under the doctrine of equivalents at least one claim of the '887 Patent by making, using, selling, offering to sell, and importing into the United States and in this district solar absorption receivers and parabolic troughs that incorporate receivers. SkyFuel's infringing acts include building and installing the CSP system for EGP-NA's Stillwater solar-geothermal power plant located in Nevada. Specifically, SkyFuel has infringed at least claims 1 and 14 of the '887 Patent. Unless enjoined by the Court, SkyFuel will continue to infringe the '887 Patent.

23. On information and belief, SkyFuel sold and offered to sell its parabolic trough technology to EGP-NA for use in combination with Huiyin's solar absorption receivers to build and install the CSP system for EGP-NA's Stillwater solar-geothermal power plant located in Nevada.

24. SkyFuel's parabolic trough technology is especially made or especially adapted for CSP systems.

25. SkyFuel's parabolic trough technology is not a staple article or commodity of commerce suitable for substantial non-infringing use.

26. On information and belief, SkyFuel encouraged EGP-NA to use SkyFuel's parabolic trough technology in combination with Huiyin's solar absorption receivers.

27. SkyFuel's infringement of at least one claim of the '887 Patent has injured SCHOTT, and SCHOTT is entitled to recover damages adequate to compensate for such infringement under 35 U.S.C. § 284.

28. The continued infringement by SkyFuel will irreparably harm SCHOTT unless the Court enters an injunction prohibiting further infringement of the '887 Patent.

**Prayer for Relief**

WHEREFORE, SCHOTT prays for judgment and relief as follows:

a. Judgment that the '887 Patent is infringed by Defendants Huiyin and SkyFuel;

b. A permanent injunction enjoining Huiyin and SkyFuel, their officers, agents, servants, employees, subsidiaries, and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

c. An award of damages arising out of Huiyin's and SkyFuel's acts of patent infringement, together with pre-judgment and post-judgment interest;

d. An award of SCHOTT's costs and expenses incurred in connection with this action; and

    e.   Such further and additional relief as the Court deems just and proper.

## JURY DEMAND

SCHOTT demands a jury trial on all issues and claims so triable.

Dated:  October 23, 2014

    *By:  s/Marshall J. Schmitt/*

Marshall J. Schmitt
   Illinois Bar No. 6184893
   mjschmitt@michaelbest.com
Gilberto E. Espinoza
   Illinois Bar No. 6277437
   geespinoza@michaelbest.com
Christopher E. Nyenhuis
   Wisconsin Bar No. 1076044
   cenyenhuis@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL  60601-6710
Telephone:    (312) 222-0800
Facsimile:    (312) 222-0818

*Attorneys for Plaintiff*
*SCHOTT Solar CSP GmbH*