IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2892-MSK-KLM

SCHOTT Solar CSP GmbH,

    Plaintiff,

v.

SkyFuel, Inc.; Weihai Golden Sun Co.,
Ltd. a/k/a Weihai Golden Solar Thermal
Industrials Co., Ltd. and d/b/a Huiyin
Group,

    Defendants.

---

## PROTECTIVE ORDER

---

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.    Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.    Definitions:

(a)    "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

(b) "Confidential information" is information concerning a person's business operations, business processes, and/or research, technical or development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(c) "Highly Confidential information" is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and/or business or development plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(d) Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential</u>:

(a) A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

(b) A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of

confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

(c) A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

(d) A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

(e) A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

(f) If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen-day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential or Highly Confidential information</u>:

(a) All Confidential and Highly Confidential information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation. It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice. For clarity, "this litigation" means (i) the case *SCHOTT Solar CSP GmbH v. SkyFuel, Inc. et al.*, No. 1:14-cv-02892-MSK-KLM (COD filed October 23, 2014) and (ii) any appeal or interlocutory appeal of any order entered in such case. For further clarity, the restriction in this paragraph strictly prohibits the use of any Confidential or Highly Confidential information from being used in or considered in any way in connection with the prosecution of any patent.

(b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this litigation whose access to the information is reasonably required to supervise, manage, or participate in this litigation; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff who are not regularly employed or hired by a party to perform any aspect of that party's regular business, but rather are retained or specially employed to consult or provide expert testimony only in this litigation; and (vi) the Court and personnel assisting the Court.

(c) Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

(d) A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the

expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

(e) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this litigation was filed.

(f) A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may with proper notice to the producer move the Court to obtain permission.

5. <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6. **Inadvertent Disclosure**: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

7. **Filing with the Court**:

(a) This protective order does not, by itself, authorize the filing of any document under seal and/or restricted access. A party wishing to file a document containing Confidential or Highly Confidential information under restricted access must file a motion to restrict public access according to the procedure set forth in D.C.COLO.LCivR 7.2. Any documents subject to a party's motion to restrict public access shall be filed in accordance with D.C.COLO.LCivR 7.2(e).

(b) If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court pursuant to D.C.COLO.LCivR 7.2 to restrict access to such document(s).

(c) Any document filed under restricted access must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document;" and (iii) a statement that the document is filed as restricted in accordance with D.C.COLO.LCivR 7.2.

8. **Document Disposal**: Within sixty (60) days of the final conclusion of this litigation, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or

destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order, along with one copy of any documents used solely for purposes of this litigation that contain attorney work product generated during this litigation.

       9.     <u>Originals</u>: Within 30 days of a written request, any party that has produced electronically stored information or a duplicate of a document shall make available to the requesting party the original of the electronically stored information or the document as defined in Federal Rule of Evidence 1001.

       10.    <u>Survival of obligations</u>: The obligations established pursuant to this Protective Order regarding Confidential and Highly Confidential information survive the conclusion of this litigation.

By: *s/ Marshall J. Schmitt /*

Marshall J. Schmitt
Illinois Bar No. 6184893
mjschmitt@michaelbest.com
Gilberto E. Espinoza
Illinois Bar No. 6277437
geespinoza@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601-6710
Telephone: (312) 222-0800
Facsimile: (312) 222-0818

*Attorneys for Plaintiff, SCHOTT Solar CSP GmbH*

By: *s/ Alexander C. Clayden /*

Jon R. Trembath
jtrembath@lathropgage.com
Alexander C. Clayden
aclayden@lathropgage.com
LATHROP & GAGE LLP
950 17th St., Suite 2400
Denver, CO 80202
Telephone: (720) 931-3200
Facsimile: (720) 931-3201

and

Steven J. Penner
spenner@lathropgage.com
LATHROP & GAGE LLP
4845 Pearl East Circle, Suite 201
Boulder, CO 80301
Telephone: (720) 931-3000
Facsimile: (720) 931-3001

*Attorneys for Defendant, SkyFuel, Inc.*

**SO ORDERED**

DATED this 27th day of May 2015.

BY THE COURT:

_____
Hon. Kristen L. Mix
United States Magistrate Judge

**Appendix 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2892-MSK-KLM

SCHOTT Solar CSP GmbH,

       Plaintiff,

v.

SkyFuel, Inc.; Weihai Golden Sun Co.,
Ltd. a/k/a Weihai Golden Solar Thermal
Industrials Co., Ltd. and d/b/a Huiyin
Group,

       Defendants.

---

**UNDERTAKING OF _____**

---

I, _____, state the following under penalties of perjury as provided by law:

    My residence address is _____.

    My business address is _____.

    My present employer and position are _____.

    I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

    I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

At the final termination of this litigation, I will return to counsel all documents or things consisting of or containing Confidential or Highly Confidential information.

I have been retained by _____ as an expert or consultant in connection with this case.

I have read in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter and understand that the Confidential and/or Highly Confidential information is provided pursuant to the terms and conditions in the Protective Order.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any Confidential or Highly Confidential information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I understand that neither the Confidential and/or Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Protective Order. I agree to return the Confidential and Highly Confidential information I have received subject to the Protective Order and any

notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
Signature

_____
Typed or Printed Name